United States District Court

For the Northern District of California

1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MELVIN JOSEPH SIMMONS,                    No. C 11-0866 WHA (PR)

11                  Plaintiff,                 **ORDER OF DISMISSAL**

12      vs.

13   THE UNITED STATES; EDMUND
     JERRY BROWN; ROBERT MOSEY;
14   ERIC HOLDER; BARAK OBAMA;

15                  Defendants.
                                          /
16

17                            **INTRODUCTION**

18          Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to

19   42 U.S.C. 1983.

20                             **ANALYSIS**

21   A.    **STANDARD OF REVIEW**

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

27   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

28   (9th Cir. 1990).

            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff's makes a variety of allegations that are difficult to understand.  The crux of his complaint is that as a consequence of his conviction in state court in 1987, he has been imprisoned and thereby suffered forcible detention, violations of his privacy, and other infringements on his rights.  He complains that the United States of America, the President of the United States, and the United States Attorney General and one of his deputies have failed to intervene and order his release from prison.  He complains that the California Attorney General is responsible for his imprisonment.  He requests, among other things, that his conviction be expunged.

Any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).  As plaintiff's claims challenge the validity of his state court conviction, they must be brought under Title 28 of the United States Code, Section 2254, not in a civil rights action.  This case will be dismissed without prejudice to plaintiff doing so.

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

**CONCLUSION**

For the reasons set out above, this case is **DISMISSED** without prejudice to plaintiff's raising his claims in a petition for a writ of habeas corpus.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March ___24___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SIMMONS0866.DSM.wpd